**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BRAHULIO NOVALEZ,** *Plaintiff,* | : | **CIVIL ACTION** |
| **v.** | : | |
| **BRIAN REYNOLDS, et al.,** *Defendants.* | : | **NO. 17-cv-01128** |

**MEMORANDUM**

**KENNEY, J.** **April 11, 2024**

Plaintiff Brahulio Novalez filed a Complaint in this case on March 13, 2017. Since then, Plaintiff has gone radio silent. Plaintiff has neither supplied the Court with an updated address despite being released from prison, nor complied with multiple court orders issued in this case. For the reasons detailed below, this Court will dismiss this case with prejudice due to Plaintiff's failure to prosecute his claim.

## I. BACKGROUND AND PROCEDURAL HISTORY

On March 13, 2017, while incarcerated at the Curran-Fromhold Correctional Facility, Plaintiff Brahulio Novalez filed a Complaint along with an application to proceed as a prisoner without prepaying fees and costs. ECF Nos. 1, 1-1. In his Complaint, Plaintiff alleged that Police Officers Brian Reynolds, Michael Spicer, Perry Betts, John Speiser, and Linwood Norman arrested him without probable cause.[1] ECF No. 1-1 at 1-3. Plaintiff's case was identified as

[1] On July 31, 2017, Plaintiff also filed another case in this Court against these same defendants, along with Officer Thomas Liciardello. *See Novalez v. Liciardello*, No. 2:17-03436-PD (E.D. Pa. July 31, 2017). That case was also dismissed due to Plaintiff's failure to prosecute. *See id.* at ECF Nos. 5, 6.

related to a large number of other cases with claims against these same officers, including *McGill v. Liciardello*, Civ. No. 12-5690, which was chosen as the lead case.

On March 21, 2017, the Court denied Plaintiff's motion to proceed *in forma pauperis* without prejudice and ordered him to, within thirty days, either (1) remit the relevant filing fees to the Clerk of Court or (2) file a certified copy of his prisoner account statement from any correctional facility in which he was confined during the relevant period. ECF No. 3. Plaintiff neither remitted filing fees to the Court nor filed the requested prisoner account statement(s). Plaintiff's case was then closed for statistical purposes, while its related, lead case, *McGill*, moved forward. *Id.*

On November 15, 2023, the Court re-opened this case. ECF No. 4. On November 21, 2023, the Court ordered Plaintiff to (1) show cause why his case should not be dismissed for failure to prosecute and (2) supply the Court with a current address. ECF No. 6. Plaintiff was ordered to take both actions on or before December 21, 2023. *Id.* On January 31, 2024, the Court received notice that the Court's November 21, 2023 Order had not been delivered to Plaintiff because he could not be located at his prison. ECF No. 10. Plaintiff has not complied with the Court's November 21, 2023 Order; he has neither explained why this case should not be dismissed, nor supplied the Court with a current address.

On February 16, 2024, the Court issued another order requiring Plaintiff to provide the Court with either (1) an amended complaint, or (2) an explanation for his failure to comply with the aforementioned Orders and delay in prosecuting his case. ECF No. 12. The Court informed Plaintiff that if he failed to comply with the Order within 30 days, the Court would dismiss the action with prejudice for failure to prosecute. *Id.* On February 29, 2024, the Order was returned from the U.S. Postal Service for the following reason: "RETURN TO SENDER, UNABLE TO

FORWARD." ECF No. 13. To date, Plaintiff has not complied with the Court's February 16, 2024 Order, or provided the Court with an updated address.

## II. LEGAL STANDARD

Under Rule 41(b) of the Federal Rules of Civil Procedure, "a district court has authority to dismiss an action sua sponte if a litigant fails to prosecute or to comply with a court order." *Qadr v. Overmyer*, 642 F. App'x 100, 102 (3d Cir. 2016) (per curiam) (citing Fed. R. Civ. P. 41(b)). Decisions regarding dismissal of actions for failure to prosecute rest in the sound discretion of the Court and will not be disturbed absent an abuse of that discretion. *See Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002) (citations omitted); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.").

However, recognizing that a dismissal with prejudice due to a plaintiff's failure to prosecute his case is a "drastic sanction," the Third Circuit has instructed district courts to apply a six-factor balancing test to determine whether such dismissal is appropriate. *See Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). Those factors are as follows: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." *Id.*

## III. DISCUSSION

On balance, the *Poulis* factors indicate that dismissal with prejudice is appropriate here. On the first factor, as a pro se litigant, Plaintiff is directly responsible for prosecuting his case. *See Burns v. Glick*, 158 F.R.D. 354, 356 (E.D. Pa. 1994) (explaining that "it was incumbent upon [the pro se plaintiff] personally to ensure that the litigation proceeded," but instead, the plaintiff "filed his complaint and then disappeared . . . without notifying either the defendants or this Court as to his whereabouts"). And it is Plaintiff's sole responsibility to keep the Court informed of his address of record. *See* Eastern District of Pennsylvania Local Rule of Civil Procedure 5.1(b) (explaining that *pro se* parties must file with its initial pleading "a physical address . . . where notices and papers can be served," and must "notify the Clerk within fourteen (14) days of any change in address"). Plaintiff has not only failed to update his address pursuant to the Local Rules—he has failed to pursue any action in this case whatsoever since filing his Complaint on March 13, 2017.

On the second factor, the Court finds that Plaintiff's failure to pursue his case will likely result in some prejudice to his adversaries. "Relevant examples of prejudice include 'the irretrievable loss of evidence[] [and] the inevitable dimming of witnesses' memories.'" *Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 134 (3d Cir. 2019) (alteration in original) (citation omitted). Plaintiff initiated his case in 2017—additional passage of time will only further diminish Defendants' ability to recall the events relevant to this case and gather evidence. *See, e.g.*, *Gay v. Lore*, No. 3:20-CV-00085, 2023 WL 4053311, at *2 (W.D. Pa. June 16, 2023) ("[T]he ability to gather facts and documents to defend this case will diminish with the passage of time. Therefore, Defendants could suffer prejudice if the case were not to proceed in a timely manner."). Thus, "this factor weighs marginally in favor of dismissal." *Id.*

On the third factor, the Court finds that a history of dilatoriness exists here. "Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as . . . consistent tardiness in complying with court orders." *Adams v. Trs. of the N.J. Brewery Emps.' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994) (citations omitted). That is precisely the case here. Plaintiff has not complied with three of the Court's orders. He has not remitted the necessary filing fees or filed copies of his prisoner account statements, as required by the Court's March 21, 2017 Order. *See* ECF No. 3. He has not provided the Court with an updated address or filed anything except his initial pleading, which violates the directives in the Court's November 21, 2023 Order. *See* ECF No. 6. And he has not complied with the Court's February 16, 2024 Order, as he has not filed an amended complaint or an explanation for his failure to comply with the Court's prior two orders. *See* ECF No. 12.

Although it is true that Plaintiff did not receive the Court's November 21, 2023 or February 16, 2024 Orders, that ultimately does little to mitigate a finding of dilatoriness here. As noted above, it is incumbent upon Plaintiff to keep this Court apprised of his new address. *See* Local Rule 5.1(b). Plaintiff has had ample opportunity to file a notice of change of address but has not done so. Without a new address or any other form of contact information for Plaintiff, this Court is unable to reach Plaintiff or inform him of any Court orders or filings related to his case. Plaintiff's failure to inform the Court of his new address indicates that he no longer desires to proceed with this action, and that much is sufficient for this factor to weigh in favor of dismissal. *See, e.g.*, *Greene v. Scharf*, No. 3:22-CV-00090, 2023 WL 4846851, at *3 (W.D. Pa. July 28, 2023) (finding that the "history of dilatoriness" factor weighed in favor of dismissal where Plaintiff failed to update the Court with his new address, leaving the Court and Defendants

with no way to serve documents upon Plaintiff and indicating that "Plaintiff no longer desire[d] to proceed with [the] action").

On the fourth factor, there is no evidence that Plaintiff is acting in bad faith, or that his failure to comply with the Court's Orders was willful. But "a 'failure to prosecute' does not require that plaintiff take affirmative 'steps to delay the trial . . . [i]t is quite sufficient if [he/she] does nothing." *See Ptomey v. Allegheny Cnty. Bureau of Corr.*, No. 2:19-CV-00029, 2020 WL 2841867, at *3 (W.D. Pa. May 7, 2020) (citations omitted). In any case, no single factor is dispositive, and "[e]ach factor need not be satisfied for the trial court to dismiss a claim." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 221 (3d Cir. 2003) (citation omitted).

On the fifth factor, no sanctions other than dismissal seem appropriate. Given Plaintiff's "'lack of participation' despite the Court's Orders and communications, the Court concludes that alternative sanctions would not prompt a response from Plaintiff." *See Carter v. Robinson*, No. CIV.A. 09-6124 JAP, 2011 WL 1343054, at *4 (D.N.J. Mar. 23, 2011) (citations omitted), *report and recommendation adopted*, No. CIV.A. 09-06124 JAP, 2011 WL 1325284 (D.N.J. Apr. 7, 2011).

On the sixth factor, "given that litigation of this matter has not progressed past the point of submission of initial pleadings, the Court makes no finding as to the meritoriousness of Plaintiff's claims or Defendants' defenses." *Id.* at *4. In other words, even if Plaintiff's claims are meritorious, his failure to pursue them in any meaningful capacity for over ***seven years*** is sufficient to dismiss them with prejudice. *Cf. Horseman v. Walton*, No. 1:22-CV-336, 2023 WL 8113269, at *2 (M.D. Pa. Nov. 22, 2023) (dismissing case with prejudice for failure to prosecute in light of the plaintiff's "failures to comply with court orders and silence for over a year,"

despite noting that the plaintiff's claims had merit given that they had survived the defendant's motion to dismiss).

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss this case with prejudice due to Plaintiff's failure to prosecute it. An appropriate Order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**